UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60315-CIV-RUIZ/STRAUSS

GWENDOLYN REID,

    Plaintiff,

vs.

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

**THIS CAUSE** has come before me upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion"). (DE 3). This matter has been referred to me, pursuant to a Clerk's directive, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (DE 2).

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vermont Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal citations omitted)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364

F.3d at 1307. "The Department of Health and Human Services (HHS) poverty guidelines[1] are central to an assessment of an applicant's poverty." *Ryan v. Comm'r of Soc. Sec.*, No. 16-CV-61716, 2016 WL 10953761, at *1 (S.D. Fla. July 20, 2016) (citations omitted). A plaintiff, however, need not be "absolutely destitute." *Martinez*, 364 F.3d at 1307. Indeed, the court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 Fed. App'x 916, 917 (11th Cir. 2014).

Here, Plaintiff has filed a long form affidavit in support of the Motion. (DE 3). Plaintiff's affidavit establishes a monthly household income of $373 comprised soley of public-assistance of $193 and retirement of $180, and assets of $86,020 comprised of $80,000 for home value, $6,000 for value of a Chrysler 2012 vehicle, and $20 in a checking account. Plaintiff reports no debt. *Id.* Plaintiff reports household expenses totaling $547: $250 for utilities, $193 for food, and $104 for motor vehicle insurance. Plaintiff explains that she is unable to work due to disability and that her expenses are much larger than her income. *Id.* Based on the foregoing, the undersigned concludes that Plaintiff has established the poverty requirement of 28 U.S.C. § 1915(a).

---

[1] *See* HHS Poverty Guidelines for 2020 and 2021, available at https://aspe.hhs.gov/poverty-guidelines. Plaintiff's application was filed on February 9, 2021; however, Plaintiff signed it on December 17, 2021.

Therefore, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (DE 3) is **GRANTED**. Accordingly,

1. Plaintiff may proceed without prepayment of costs or fees or the necessity of giving security therefor in this case;

2. The Clerk of the Court shall issue the summonses (DE 1-2; DE 1-3; DE 1-4), prepare the documents for service and deliver such documents to the U.S. Marshals Service for service;

3. After receiving the summonses, the U.S. Marshals Service is **DIRECTED** to serve the named Defendants **on or before February 24, 2021**, without cost to Plaintiff.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of February 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies to:

Clerk of Court

U.S. Marshall Service

Counsel of Record